Filed 10/13/25  In re L.W. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re L.W. et al., Persons Coming Under the Juvenile Court Law. | |
| SHASTA COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.F., <br><br> Defendant and Appellant. | C103687 <br><br> (Super. Ct. Nos. 23JV3249001, 23JV3249101) |

Appellant S.F., mother of minors L.W. and T.F., appeals from the juvenile court's order terminating parental rights and identifying adoption as the permanent plan.  (Welf. & Inst. Code,[1] §§ 366.26, 395.)  Mother contends the inquiry under the Indian Child Welfare Act (ICWA) by Shasta County Health and Human Services Agency (Agency) was inadequate because the Agency failed to inquire of reasonably available extended family

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

members.  Though not conceding the issue entirely, the Agency acknowledges it did not comply with its statutory obligations under the ICWA.  Given this, we will conditionally reverse subject to full compliance with the ICWA and related California law on remand, as described in this opinion.

## I.  BACKGROUND

We dispense with a detailed recitation of the underlying facts and procedure as unnecessary to our resolution of the limited issue on appeal.  It is sufficient to say that in January 2023, the Agency initiated dependency proceedings by filing a section 300 dependency petition on behalf of the minors.

At the outset, the Agency asked mother and father about the minors' Indian status; neither parent gave any reason to believe the minors were or may be Indian children.  In its detention report filed on January 23, 2023, the Agency indicated that both mother and father denied any Native American ancestry and that the ICWA did not apply.  Mother and father filed ICWA-020 parental notification of Indian status forms indicating that they did not know of any Indian ancestry.

At the detention hearing on January 24, 2023, the juvenile court asked mother, father, maternal aunt Maurina F., paternal grandfather, and maternal grandmother whether they knew of any Indian ancestry.  Each responded in the negative.

In its disposition report filed on February 27, 2023, the Agency again stated that "[t]he Indian Child Welfare Act does not apply."  The report indicated that mother, father, and maternal grandmother reported no Native American ancestry.

On May 9, 2023, maternal grandmother, maternal grandfather, and paternal great grandmother filed ICWA-020 forms indicating that they did not know of any Indian ancestry.  At a hearing that same day, the juvenile court reviewed the forms with those family members and each family member indicated to the court that they did not have Indian ancestry.

At the jurisdiction/disposition hearing on May 16, 2023, the juvenile court asked mother, father, maternal grandfather, and paternal great grandmother whether they knew of

any Indian ancestry, and they all stated that they did not. The juvenile court found that the ICWA did not apply.

Subsequent reports filed by the Agency indicated that the ICWA did not apply based on the juvenile court's finding at the May 16, 2023, hearing.

The juvenile court continued to ask family members present at future hearings whether they knew of any Indian ancestry. In addition to those already asked, the court inquired of maternal aunt Kayley D. and maternal uncle Thomas D. All family members continued to respond no and the court reiterated its finding that the ICWA did not apply.

The Agency and the juvenile court interacted with several other extended family members, but the record does not indicate whether an ICWA inquiry was conducted as to those individuals. These family members include: (1) the minors' stepmother, who attended a court hearing on July 9, 2024, in which the Agency was present; (2) a maternal aunt, Amanda M., who expressed interest in placement to the Agency; (3) a maternal uncle, Adrian, who attended a family visit where a family worker was present; and (4) paternal grandmother, who attended a family team meeting on April 28, 2022, in which the Agency was present.

On April 29, 2025, the juvenile court terminated mother's and father's parental rights and identified adoption as the permanent plan. The court reiterated its finding that the ICWA did not apply.

Mother timely appealed.

## II. DISCUSSION

The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act (Cal-ICWA [citation]), courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125.)

3

As relevant here, from the Agency's first contact with a minor and his or her family, Cal-ICWA imposes an initial duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b); *In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) That duty of inquiry "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, *extended family members*, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b)(2), italics added.) An extended family member includes "a person who has reached 18 years of age and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (§ 224.1, subd. (c)(1).)

The juvenile court may ultimately conclude the ICWA does not apply to a child if it finds that the Agency's "inquiry and due diligence were 'proper and adequate,' and the resulting record provided no reason to know the child is an Indian child." (*In re Dezi C.*, *supra*, 16 Cal.5th at p. 1134; see also § 224.2, subd. (i)(2).) We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence. (§ 224.2, subd. (i)(2); *H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 961; *Dezi C.*, at p. 1134.) "[T]he juvenile court's fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C.*, at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

Mother claims the Agency failed to adequately inquire of known extended family members. The Agency "acknowledges that it did not fully meet its statutory duty to conduct an independent inquiry into the children's potential Indian heritage, as it failed to contact or interview extended family members beyond its inquiries of the parents and the maternal

4

grandmother." But, in the Agency's view, reversal is unwarranted. The Agency argues that, based on the court's inquiries of extended family members who were present at court hearings, "it is unlikely that further inquiry of additional extended family members would have revealed" information about Native American ancestry and thus "any error was harmless." Our Supreme Court has squarely rejected such reasoning. (See *In re Dezi C.*, *supra*, 16 Cal.5th at p. 1125 ["When there is an inadequate inquiry and the record is underdeveloped, it is impossible for reviewing courts to assess prejudice because we simply do not know what additional information will be revealed from an adequate inquiry"].)

We remain mindful that an initial inquiry may not be inadequate "in all cases in which every possible extended family member has not been asked about the child's Indian ancestry." (*In re Dezi C.*, *supra*, 16 Cal.5th at p. 1140.) But " '[t]he operative concept is those people who are reasonably available to help the agency with its investigation into whether the child has any potential Indian ancestry should be asked.' " (*Ibid.*) That did not occur here, as the Agency effectively concedes. The Agency had contact with several extended family members—including the minors' stepmother, paternal grandmother, a maternal aunt, and a maternal uncle—for whom there is no indication that an ICWA inquiry was ever conducted. In these circumstances, we conclude that the juvenile court's implied finding that the Agency's inquiry was proper, adequate, and duly diligent is unsupported by substantial evidence.

"[A]n inadequate initial Cal-ICWA inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court, ]rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*In re Dezi C.*, *supra*, 16 Cal.5th at p. 1136.) "Upon a conditional reversal, the [Agency] will make additional inquiry and documentation efforts consistent with its duties and the court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, ICWA applies. If the juvenile court determines the inquiry is proper, adequate, and duly diligent and concludes that ICWA does not apply, any inquiry error is

5

cured, and the judgment would be reinstated.  [Citation.]  In contrast, if the inquiry reveals a reason to know the dependent child is an Indian child, the tribe has been notified [citations], and the tribe determines the child is a member or citizen, or eligible for membership or citizenship, of an Indian tribe [citations], ICWA applies, and the judgment must be reversed." (*Id*. at pp. 1137-1138.)  Accordingly, we conditionally reverse and remand the case to the juvenile court for further proceedings.

### III.  DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5).  If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and concludes the ICWA does not apply, the orders shall be reinstated.  If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions.


                                             /s/
                                               WISEMAN, J.[*]

We concur:


 /s/
KRAUSE, Acting P. J.


 /s/
MESIWALA, J.

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.